1
2
3
4          IN THE UNITED STATES DISTRICT COURT
5          FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7
8    JAMES CORNN, et al.,                    NO. C03-2001 TEH
9                        Plaintiffs,         ORDER GRANTING IN PART AND
                                             DENYING IN PART UPS'S MOTION
10                  v.                        FOR LEAVE TO FILE MOTION FOR
                                             RECONSIDERATION
11   UNITED PARCEL SERVICE, INC.,
12                        Defendant.
13

14         The Court is in receipt of Defendant United Parcel Service's ("UPS's") motion for

15   leave to file a motion for reconsideration of the Court's March 14, 2005 Order Granting in

16   Part and Denying in Part Plaintiffs' Motion for Class Certification.  UPS seeks

17   reconsideration of two issues: first, whether the class should have been certified as to

18   Plaintiffs' claims under California Labor Code section 512 regarding the provision of a first

19   meal period and, second, whether Plaintiffs' claims under California Labor Code section 226.7

20   should have been certified based on a four-year statute of limitations.

21         As to the first issue, the Court DENIES, without prejudice, UPS's motion as premature.

22   Although the Department of Labor Standards and Enforcement ("DLSE") has revised its

23   proposed regulations governing meal periods, this does not yet qualify as a change in the law.

24   It would be inefficient for this Court to reconsider its rulings every time the DLSE issued

25   revised proposed regulations, when it is not certain whether or when those proposals will ever

26   become law.  To the extent that UPS seeks a limited stay of discovery pending the DLSE's final

27   rule-making, as suggested in footnote 7 of UPS's proposed memorandum and points of

28   authorities, a motion for reconsideration is the improper vehicle in which to do so.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    As to the second issue, the Court GRANTS IN PART and DENIES IN PART UPS's

2    motion.  UPS had every opportunity to raise the issue of whether California Labor Code

3    section 226.7 provides for a wage or a penalty.  Good cause for reconsideration is not

4    presented when a party has had an opportunity to raise an issue and simply chose not to do so.

5    In this case, UPS could have raised the issue in its main opposition papers but opted instead not

6    to mention it.  It was only because the Court required supplemental briefs following the

7    Court's grant of partial summary judgment to UPS that UPS even had an additional opportunity

8    to file opposition papers and, even in those supplemental opposition papers, UPS only raised

9    the issue in a cursory fashion.  UPS has not presented any basis for allowing it another

10   opportunity to brief this issue.  Furthermore, UPS is mistaken when it argues that one of the

11   cases cited by the Court, *Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp. 2d 891 (C.D. Cal.

12   2005), failed to consider the DLSE's proposed regulations.  To the contrary, the *Tomlinson*

13   court explicitly considered and rejected the DLSE's reasoning.  *Id.* at 896 n.3.  In light of all of

14   the above, the Court DENIES UPS's motion for leave to seek reconsideration of the Court's

15   ruling that an award under section 226.7 is restitutionary in nature.

16   However, UPS also argues – albeit only in a footnote in its proposed memorandum of

17   points and authorities – that beginning the class period on February 6, 1999, is erroneous

18   because section 226.7 was not enacted until January 1, 2001, and there is no indication that the

19   state legislature intended the statute to be retroactive.  Although UPS has not demonstrated

20   good cause for its failure to raise this issue in prior rounds of briefing, it nonetheless appears

21   to be a dispositive issue that this Court has not previously considered, and an issue which the

22   Court believes warrants further briefing.  Accordingly, UPS is GRANTED leave to file a

23   motion for reconsideration based only on this issue.

24   Prior to filing its motion, UPS shall meet and confer with Plaintiffs to see if the parties

25   can reach agreement on this issue.  UPS shall file and serve either a stipulation and proposed

26   order or its motion for reconsideration on or before **Tuesday, July 5, 2005.**  If the parties

27   cannot reach agreement, Plaintiffs shall file and serve their opposition on or before **Monday,**

28   **July 18, 2005,** and UPS shall file and serve its reply on or before **Monday, July 25, 2005.**

2

The matter will then be submitted, and the Court will schedule oral argument only if it deems

such argument to be necessary after reviewing the parties' papers.

**IT IS SO ORDERED.**

DATED ___06/15/05___                    _____/s/_____
                                        THELTON E. HENDERSON, JUDGE
                                        UNITED STATES DISTRICT COURT

United States District Court

For the Northern District of California