IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES CORNN, et al.,

        Plaintiffs,

v.

UNITED PARCEL SERVICE, INC.,

        Defendant.

NO. C03-2001 TEH

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION

This matter comes before the Court on a motion for reconsideration brought by Defendant United Parcel Service, Inc. ("UPS"). After carefully reviewing the parties' written arguments and relevant law, the Court finds the motion suitable for decision without oral argument. For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Defendant's motion.

**BACKGROUND**

On March 14, 2005, this Court certified a plaintiff class of UPS drivers for the following claims:

    a. Plaintiffs' claims regarding the first meal period, including whether UPS breached its obligation to provide a first meal period under California Labor Code section 512 and whether the standard lunch deduction violated California Labor Code section 226;

    b. Plaintiffs' claims that UPS failed to provide a second meal period and third rest period to drivers who worked more than ten hours a day; and

    c. Plaintiffs' unfair competition law claim to the extent that it is derivative of the above claims.

Order Granting in Part & Denying in Part Pls.' Mot. for Class Certification at 20. The class period extends back to February 6, 1999, based on the four-year statute of limitations under

1  California Business and Professions code section 17208. *Id.* at 8-9, 19. Defendants sought
2  leave to file a motion for reconsideration of the class certification order, and the Court
3  granted in part and denied in part Defendants' request. Leave was granted only as to the
4  limited issue of whether the class period should be modified because California Labor Code
5  section 226.7 was not enacted until January 1, 2001.

6  UPS does not seek modification of the entire class period, but only the class period
7  governing the second and third claims in Plaintiffs' second amended complaint. Both claims
8  allege violations of the meal and rest period provisions of California Labor Code section 512
9  and seek monetary relief under California Labor Code section 226.7. Section 226.7 provides
10 that an employer who "fails to provide an employee a meal period or rest period in
11 accordance with an applicable order of the Industrial Welfare Commission ["IWC"] . . . shall
12 pay the employee one additional hour of pay at the employee's regular rate of compensation
13 for each work day that the meal or rest period is not provided." UPS's motion does not
14 concern the class period governing Plaintiffs' first claim for relief under California Labor
15 Code section 226, or their fourth claim for relief under California's unfair competition law
16 ("UCL"), codified at California Business and Professions Code sections 17200 *et seq.*[1]

## DISCUSSION

19 Plaintiffs agree that section 226.7 did not take effect until January 1, 2001. Plaintiffs
20 also do not argue that section 226.7 was made retroactive, and Plaintiffs' claims under the
21 statute itself are therefore limited in time by the January 1, 2001 effective date.

22 Plaintiffs contend, however, that their claims extend beyond the effective date of the
23 statute because the IWC issued a wage order making an additional hour of pay available as a
24 remedy, as of October 1, 2000, for meal and rest period violations. IWC Wage Order

---

[1] In its reply, UPS responds to an argument raised by Plaintiffs in their opposition regarding Plaintiffs' claim under section 226. However, as UPS acknowledges, that claim is "not at issue in the present motion." Reply at 5. UPS raised the issue in its opposition to Plaintiffs' motion to certify an early morning work claim for class treatment, arguing that any certified class should be limited in time, but the Court declined to certify a class on the early morning work claim and therefore did not reach the parties' arguments regarding the length of the class period.

9-2000. Language from a recent Ninth Circuit decision supports Plaintiffs' position: "Effective October 2000, employers were required to pay employees one hour's pay for each day on which they did not receive a meal period in accordance with the regulations." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1077-78 (9th Cir. 2005). However, UPS correctly observes that this statement was unnecessary to resolution of the case, which held that meal period claims were not preempted by the Labor Management Relations Act, and was therefore dicta. The Ninth Circuit had no reason to explore the scope of the IWC's authority, and the court's decision indicates no analysis of that issue, or that the issue was even litigated by the parties.

An administrative agency has only those powers explicitly or implicitly conferred on it by constitution or statute. *Ferdig v. State Personnel Bd.*, 71 Cal. 2d 96, 103-04 (1969). Plaintiffs argue that California Labor Code sections 516 and 558 conferred authority on the IWC to adopt regulations that included monetary remedies for violations. Section 558, however, only establishes certain civil penalties and provides that such penalties are in addition to any other civil or criminal penalty provided by law; it does not give the IWC power to impose monetary remedies. Cal. Labor Code § 558. Section 516 authorizes the IWC to "adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers." *Id.* § 516. This statute, too, says nothing about promulgation of regulations allowing a monetary remedy, and Plaintiffs' only argument is that the legislature must have intended to grant the IWC such authority because otherwise any IWC regulations would be "toothless." Opp'n at 3. However, Plaintiffs fail to consider that the Division of Labor Standards Enforcement is charged with enforcing IWC wage orders and other labor laws, and that the lack of a monetary remedy does not equate to a lack of accountability or the inability to enforce a regulation through injunctive relief or other civil or criminal penalties. In short, Plaintiffs have failed to convince the Court that the IWC had the authority to adopt a regulation establishing a monetary remedy, and the Court therefore declines to extend Plaintiffs' second and third claims back to October 1, 2000, based on Wage Order No. 9-2000.

3

The parties also dispute whether Plaintiffs' second and third claims for relief may reach back in time under the UCL. However, Plaintiffs' UCL claim is distinct from their second and third claims for relief. As UPS acknowledges, the UCL claim, which is the fourth claim for relief in Plaintiffs' second amended complaint, is not at issue in the present motion for reconsideration. Thus, the Court need not and does not address the appropriate class period for Plaintiffs' UCL claim or the available remedies to Plaintiffs should they prevail on their UCL claim.

**CONCLUSION**

Accordingly, with good cause appearing, the Court GRANTS IN PART and DENIES IN PART UPS's motion for reconsideration for the reasons discussed above. The class period for the second and third claims for relief in Plaintiffs' second amended complaint is modified to extend back only to January 1, 2001, instead of February 6, 1999. Plaintiffs may not recover under California Labor Code section 226.7 prior to that statute's effective date of January 1, 2001, nor may Plaintiffs reach back to October 1, 2000, under IWC Wage Order 9-2000. However, the motion for reconsideration was not addressed to Plaintiffs' first claim for relief under California Labor Code section 226 or to their fourth claim for relief under California Business and Professions Code sections 17200 *et seq.*, and the class period for those claims shall remain February 6, 1999, to the present.

IT IS FURTHER ORDERED that the parties shall appear for a further case management conference on **Monday, December 5, 2005, at 1:30 PM.** The parties shall file a joint case management statement on or before **Monday, November 28, 2005.**

**IT IS SO ORDERED.**

DATED   10/05/05

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT