IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CORNN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>    Defendant. | NO. C03-2001 TEH<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' SECTION 226 CLAIM |

In this case, Plaintiffs, a certified class of United Parcel Service ("UPS") drivers, contend that Defendant UPS violated various provisions of the California Labor Code and California's unfair competition law. Among other claims, Plaintiffs assert that UPS failed to provide itemized statements of wages as required by California Labor Code section 226. UPS now moves for summary judgment on Plaintiffs' section 226 claim or, in the alternative, for a ruling that Plaintiffs may not recover lost wages as a remedy even if they prevail on their section 226 claim. After carefully reviewing the parties' written arguments and relevant law, the Court finds UPS's motion suitable for decision without oral argument and now DENIES the motion for the reasons discussed below.

**DISCUSSION**

**I.     Legal Standard**

Summary judgment is appropriate when there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The

court may not weigh the evidence and must view the evidence in the light most favorable to the nonmoving party. *Id.* at 255.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* at 322-23. However, on an issue for which its opponent will have the burden of proof at trial, the moving party can prevail merely by "pointing out to the District Court . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the moving party meets its initial burden, the opposing party must then "set forth specific facts showing that there is a genuine issue for trial" to defeat the motion. Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 250.

## II. Whether UPS is Entitled to Summary Judgment on Plaintiffs' Section 226 Claim

Under California Labor Code section 226, employers must provide accurate itemized statements of wages to their employees. These statements must include, among other items, "gross wages earned," "total hours worked by the employee," and "all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item." Cal. Labor Code § 226(a). Section 226(e) provides for damages if an "employee suffer[s] injury as a result of a knowing and intentional failure by an employer to comply" with these requirements.

The essence of the claim at issue in this motion is that UPS's deduction of the standard lunch period of thirty or sixty minutes without regard to the lunch periods actually recorded by drivers violated UPS's obligations under section 226. It is not disputed that the wage statements provided by UPS do not list the standard lunch deduction as a deduction, nor is it disputed that, until September 2003, UPS's payroll system by default ignored the lunch periods recorded by drivers and automatically subtracted a standard lunch period.

2

1  Plaintiffs contend that their wage statements therefore failed to reflect accurately the number
2  of hours worked and also violated section 226 by failing to list the standard lunch period as a
3  deduction.  On the other hand, UPS argues, as it has throughout this litigation, that it has paid
4  its drivers for all time worked; for example, UPS asserts that drivers knew there was a
5  standard lunch deduction, that drivers admittedly did not record lunch periods accurately, and
6  that drivers who worked for all or part of their lunch period on any given day could have had,
7  and sometimes did have, their hours adjusted by management.

8        As one California appellate court recently explained, section 226 requires that
9  employers provide employees with wage statements that accurately reflect the number of
10 hours worked.  *Cicairos v. Summit Logistics, Inc.*, 133 Cal. App. 4th 949, 955 (2005).  The
11 plaintiff's employer in that case listed 40 hours per week on every wage statement, instead of
12 the actual number of hours worked by plaintiff Cicairos.  Even though that practice likely
13 resulted in greater inaccuracies than UPS's practice of deducting a standard meal period, that
14 does not make the court's holding about the requirements of section 226 any less relevant to
15 this case.  The court, citing a Department of Labor Standards Enforcement opinion letter,
16 explained that "[t]he obligation to list the total hours worked during the pay period can only
17 be satisfied by listing the precise, actual number of hours worked."  *Id.*  The court then found
18 the wage statement provided by Cicairos's employer to be "deficient because it does not give
19 an accurate report of the hours plaintiff Cicairos worked."  *Id.* at 960.

20       UPS's assertion that an employer need only report undisputed hours worked cannot be
21 reconciled with section 226's requirement that employers accurately report the hours worked
22 by employees.  Notably, UPS cites no authority to support its argument that California Labor
23 Code section 206, which provides that all wages concededly due shall be paid by an
24 employer, relieves an employer from its obligation under section 226 to accurately report
25 total hours worked.  UPS's interpretation of the law would allow an employer to defeat any
26 section 226 claim by simply arguing that the number of hours worked, or the number or
27 amount of deductions taken, was in dispute.  This result would eviscerate the requirement
28 that wage statements be accurate, and the Court declines to adopt UPS's novel position.

3

Instead, the Court holds that if UPS failed to report the actual number of hours worked on Plaintiffs' wage statements, then the company violated section 226. To rule in UPS's favor on this motion, the Court would therefore have to conclude that it was undisputed that the wage statements by UPS accurately reflected the total hours worked by each driver during each pay period. This the Court cannot do. For example, Plaintiffs have presented evidence that UPS considered drivers' time records to be accurate representations of the hours worked by each driver each day.[1] If the finder of fact were to find such evidence credible, then it would not be unreasonable to also conclude that UPS knowingly and intentionally failed to provide wage statements that accurately reflected the number of hours worked by Plaintiffs. Consequently, UPS has not persuaded the Court that it is entitled to summary judgment on Plaintiffs' claim under section 226.[2]

### III.   Whether Section 226 Precludes an Award of Wages as a Potential Remedy

UPS next argues that, if the Court declines to enter summary judgment on Plaintiffs' section 226 claim, the Court should at least enter a ruling barring recovery of lost wages as a remedy on that claim. Section 226(e) provides that:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Cal. Labor Code § 226(e). UPS now contends that this provision does not provide for recovery of wages, even though counsel for UPS stated a contrary view at the hearing on

---

[1] UPS's objection to this evidence is overruled. Although the deposition at issue was taken after UPS changed its practice regarding the standard lunch deduction, there is no indication in the testimony that the statements were limited in time, or that UPS ever considered drivers' time cards to be inaccurate representations of time worked.

[2] The Court need not determine at this time whether the standard lunch deduction must be listed as an itemized deduction; even if the deduction need not be itemized, summary judgment would nonetheless be improper because there remain disputed facts regarding whether the wage statements accurately reflected the total number of hours worked.

4

1 Plaintiffs' motion for class certification. At that hearing, the Court provided counsel with
2 written questions, including a question on whether lost wages were the "actual damages"
3 contemplated by section 226(e) when an employer violates section 226 by failing to include
4 all deductions on the required itemized statement. UPS's counsel responded, "The answer is,
5 as counsel for plaintiffs said, yes." Jan. 31, 2005 Rep. Tr. at 67:7-8. Although counsel then
6 went on to argue that Plaintiffs' section 226 claim was therefore preempted, that is besides
7 the point; UPS cannot dispute that it represented to the Court its opinion that lost wages was
8 a proper measure of damages under section 226(e), and UPS is arguably bound by its prior
9 representation.

10     Moreover, the Court also rejects UPS's position on the merits. The plain language of
11 the statute provides that "*all actual damages* . . . not exceeding an aggregate penalty of four
12 thousand dollars" may be recovered by an "employee suffering injury." Cal. Labor Code
13 § 226(e) (emphasis added). Lost wages is a form of "all actual damages," and the statute
14 therefore need not specifically include the phrase "lost wages" to provide for wage relief as a
15 potential remedy. Contrary to UPS's assertion, the legislature's use of the word "wages" in
16 section 226(a) does not compel a contrary interpretation. The only reasonable manner in
17 which to interpret the broad language of the statute is precisely that – broadly. The statute
18 does not qualify "all actual damages" in any way, and it would be unreasonable and improper
19 to read any unspecified exceptions into that phrase.

20     As a result, the Court need not turn to the statute's legislative history to determine
21 whether a wage remedy is authorized by section 226(e) because the statute is not ambiguous.
22 *Diamond Multimedia Sys., Inc. v. Super. Ct.*, 19 Cal. 4th 1036, 1055 (1999) ("Only when the
23 language of a statute is susceptible to more than one reasonable construction is it appropriate
24 to turn to extrinsic aids, including the legislative history of the measure, to ascertain its
25 meaning."). However, even if the Court were to consider the legislative history offered by
26 UPS, it would nonetheless conclude that the statute does not preclude a wage remedy.
27 Although the history cited by UPS targets potential damages other than lost wages, UPS
28 points to nothing in the legislative history indicating that the legislature intended to exclude

1 lost wages as a potential remedy.  In light of the broad language of the statute, which
2 provides for recovery of "all actual damages" with no qualifications other than a $4000
3 aggregate limit, the Court does not find the legislative history to support UPS's position.
4 Simply because the legislature considered certain types of damages when drafting the statute
5 does not mean that the all-encompassing "all" should be read to include only those types of
6 damages.  Had the legislature intended to limit the types of recovery allowable, it could have
7 done so; tellingly, in this statute, it did not.

       Finally, UPS raises, for the third time, its argument that any claim for lost wages is preempted by § 301 of the Labor Management Relations Act.  The Court has already twice rejected this argument and now does so again.  *See* Oct. 5, 2004 Order Granting in Part & Denying in Part UPS's Mot. for Summ. J. at 3; Mar. 14, 2005 Order Granting in Part & Denying in Part Pls.' Mot. for Class Certification at 3-4.  The Court's ruling on Plaintiffs' original first claim for relief does not compel a contrary result.  That claim was for failure to pay all wages "agreed upon" or as "designated by statute or contract," Cal. Labor Code §§ 222, 223, and interpretation of the collective bargaining agreement would therefore have been necessary to determine what wages were agreed upon or designated by contract.  The Court's ruling that a claim for wages "agreed upon" requires interpretation of the collective bargaining agreement does not mean that all other claims for lost wages are preempted.  As the Court has repeatedly held, section 226 establishes an independent, nonnegotiable state law right that does not require interpretation of the collective bargaining agreement and is therefore not preempted.

## CONCLUSION

       For all of the reasons discussed above, this Court DENIES UPS's motion for summary judgment on Plaintiffs' section 226 claim in its entirety.

       IT IS FURTHER ORDERED that the case management conference scheduled for February 27, 2006, at 10:00 AM, is continued to **Monday, April 24, 2006, at 1:30 PM.**  At that time, the parties shall be prepared to discuss, along with any other relevant issues, UPS's

6

1 intention to file additional summary judgment and class decertification motions, the progress
2 of discovery, and a realistic trial date. The parties shall file a joint case management
3 statement on or before **April 17, 2006.**

4 The Court advises the parties that it agrees with UPS that class certification may be
5 reviewed at any time prior to final judgment, but the Court will not entertain motions that
6 simply repeat the same arguments raised in opposition to Plaintiffs' class certification
7 motion. The Court further agrees that UPS is entitled to conduct discovery prior to filing its
8 intended motions. However, UPS has not demonstrated why this case is so extraordinary as
9 to require up to 125 pages of moving papers on summary judgment or class decertification
10 motions (25 pages for each of five motions), and the Court contemplates imposing a page
11 limit of 10 pages per motion if it allows separate motions to be filed.

12 The Court also notes that Plaintiffs' requested trial date of August 2006 is
13 unreasonable given the state of discovery and the parties' agreement to end discovery five
14 months prior to trial. With an August trial date, the discovery cutoff would be in March,
15 which is completely unrealistic given the status of discovery completed to date. In preparing
16 for the April 24 case management conference, the parties shall, when considering what trial
17 date to propose, realistically evaluate any remaining discovery (including time for Special
18 Master Edward Swanson to resolve any disputes that the parties are unable to resolve without
19 intervention), any intended motions remaining to be filed, and the parties' agreement that
20 non-expert discovery end five months prior to trial. The Court does not set target or
21 anticipated trial dates and fully expects this case to be ready to proceed to trial on the date
22 that is ultimately scheduled.

**IT IS SO ORDERED.**

Dated: 02/22/06

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

7