IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES CORNN, et al.,

                Plaintiffs,

     v.

UNITED PARCEL SERVICE, INC.,

                Defendant.

NO. C03-2001 TEH

ORDER DENYING DEFENDANT'S MOTION TO CORRECT CLASS DEFINITION OR BIFURCATE AND STAY PROCEEDINGS PENDING RESOLUTION OF SECTION 226.7 ISSUE BY CALIFORNIA SUPREME COURT

       This matter comes before the Court on a motion brought by Defendant United Parcel Service, Inc. ("UPS") to correct the class definition pending new California authority or, in the alternative, to bifurcate and stay a portion of the class pending determination by the California Supreme Court of whether claims under California Labor Code section 226.7 are penalties governed by a one-year statute of limitations. After carefully reviewing and considering the parties' written arguments, the Court finds the motion suitable for decision without oral argument and now DENIES Defendant's motion for the reasons set forth below.

**DISCUSSION**

       California Labor Code section 226.7 provides that an employer who "fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission . . . shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." When the Court certified the class in this case on March 14, 2005, it rejected UPS's argument, raised only in a conclusory fashion in a supplemental brief, that the relief provided by section 226.7 was a "penalty" and therefore subject to a one-year statute of limitations and unrecoverable under California's unfair competition law. Mar. 5, 2005 Order Granting in Part & Denying in Part Pls.' Mot. for Class Certification at 8-9. On June 15,

1   2005, the Court denied UPS's motion for leave to file a motion for reconsideration on this
2   issue, noting that UPS "had every opportunity to raise the issue of whether California Labor
3   Code section 226.7 provides for a wage or a penalty" but chose not to do so.  June 15, 2005
4   Order Granting in Part & Denying in Part UPS's Mot. for Leave to File Mot. for Reconsid. at
5   2.  At the time the Court issued both orders, no California appellate court had spoken on the
6   issue of whether claims under section 226.7 are penalties for purposes of determining the
7   appropriate statute of limitations.

8         Although it is not so entitled, UPS's current motion is essentially a renewed motion
9   for reconsideration.  UPS's understanding of this fact is underscored by the company's prior
10  attempt to seek reconsideration on the exact question presented here, as well as by the
11  company's indication in a footnote that it "borrows from its Proposed Motion for Partial
12  Reconsideration of Class Certification Order" in several sections of its current motion.  Mot.
13  at 7 n.11.  Because UPS failed to obtain leave to file this motion, the motion is procedurally
14  improper under Civil Local Rule 7-9.  The parties are warned that, although the Court will
15  not impose sanctions in this instance, it will not tolerate such attempts to circumvent the local
16  rules in the future.

17        Turning to the merits of UPS's motion, the company asks the Court to reconsider its
18  decision not to apply a one-year statute of limitations to Plaintiffs' section 226.7 claims now
19  that three California appellate courts have expressed an opinion on this issue: *Murphy v.*
20  *Kenneth Cole Productions, Inc.*, 134 Cal. App. 4th 728 (Dec. 2, 2005; modified Dec. 22,
21  2005); *National Steel and Shipbuilding Company v. Superior Court*, 135 Cal. App. 4th 1072
22  (Jan. 20, 2006) [hereinafter "*NASSCO*"]; and *Mills v. Superior Court*, 135 Cal. App. 4th
23  1547 (Jan. 27, 2006).  Two of these decisions support UPS's position and one supports
24  Plaintiffs' position, which the Court adopted in its class certification order.  In *Murphy*, the
25  First District concluded that section 226.7 provided for penalties, and that claims under the
26  statute therefore were subject to a one-year statute of limitations.  *Murphy*, 134 Cal. App. 4th
27  at 754.  In *Mills*, the Second District also held that payments under section 226.7 are
28  penalties and not wages.  *Mills*, 135 Cal. App. 4th at 1556.  However, in *NASSCO*, the Fourth

2

District disagreed with *Murphy* and held that, although section 226.7 does serve a penal purpose, payments under the statute are "primarily in the nature of a statutory remedy to employees." *NASSCO*, 135 Cal. App. 4th at 1071.  As a result, the Fourth District held that claims under section 226.7 are subject to a three-year statute of limitations period and could support a claim for restitution under Business and Professions code section 17203 (for which a four-year statute of limitations would apply under Business and Professions Code section 17208).[1]  *Id.* at 1076.  This split of authority will ultimately be resolved by the California Supreme Court, which granted review in *Murphy* on February 22, 2006.  In its order granting review, the Supreme Court specifically directed the parties to brief and argue the issue of whether a claim under section 226.7 is governed by a one-year or a three-year statute of limitations.  *Murphy v. Kenneth Cole Productions*, --- Cal. Rptr. 3d ---, 2006 WL 760602 (Feb. 22, 2006).

      While the above California appellate decisions do change the legal landscape, there has been no change in controlling law.  As counsel for Defendants indicated in a recent client alert newsletter, the split of authority and grant of review by the California Supreme Court result in "continued uncertainty" on the issue of whether section 226.7 payments are wages or penalties.  Ex. A to McKelvey Decl. at 1 (February 2006 issue of "Stay Current: A Client Alert from Paul Hastings").  UPS also conceded this point in its briefing, which noted that "UPS acknowledges that the issue is not settled and that the California Supreme Court will decide the issue."  Reply at 1.  In light of the uncertainty surrounding the issue and the Supreme Court's pending review, UPS has not persuaded this Court that it should reverse its prior decision.  It is not a foregone conclusion that the California Supreme Court will rule that section 226.7 claims are subject to a one-year statute of limitations, and the court may well find the Fourth District's reasoning in *NASSCO* more persuasive and hold that such claims are not penalties for purposes of determining the appropriate statute of limitations.  In addition, regardless of whether this Court were to issue a detailed decision affirming or

---

[1]Plaintiffs do not dispute that if a one-year statute of limitations applies to section 226.7 claims because that statute provides for a penalty, then section 226.7 may not support a claim under Business and Professions Code section 17203.

3

reversing its prior decision, the Court's order would only be yet another non-controlling decision on a highly disputed question of state law.  Even if this Court ruled in UPS's favor, its decision would not be final and would be subject to reversal if the California Supreme Court ultimately reverses *Murphy*.  Given that the California Supreme Court has already taken review to resolve the split among the intermediate California appellate courts on this issue, it appears prudent to this Court to decline UPS's request to reconsider the Court's prior ruling at this time.  It would be inefficient and impractical for this Court to reconsider its rulings every time an intermediate California appellate court issues a decision on a relevant issue, particularly when there is a split among the appellate courts and the California Supreme Court has granted review of the issue, and UPS has failed to demonstrate a change in controlling law or to persuade this Court that the California Supreme Court will ultimately rule in UPS's favor.

The Court's decision to allow its prior ruling to stand is further supported by UPS's failure to demonstrate that allowing Plaintiffs' section 226.7 claims to proceed in their entirety would result in unduly burdensome additional discovery.  UPS did not, for instance, rebut Plaintiffs' contention that the discovery on the section 226.7 claims "has, for the most part, been done." Opp'n at 6.  Nor are the three examples of potential additional discovery needs raised in UPS's reply brief persuasive of a significant and undue additional burden.  Moreover, as another district court noted when it recently declined to decide whether claims under section 226.7 are subject to a one-year statute of limitations:

> [I]f it should turn out that this court is wrong in limiting the relevant time period to one year, expanding the class after Rule 23 litigation is already underway would be both time consuming and expensive in terms of delay and disruption.  In contrast, trimming an overly broad class in the event that the California Supreme Court determines that § 226.7 awards a penalty and not a wage would be a relatively simple task.  Consequently, granting defendant's motion might result in significant and costly delay if the court wrongly anticipates the California Supreme Court's take on this matter.

*West v. Circle K Stores, Inc.*, Case No. CIVS040438WBSGGH, 2006 WL 355214, at *3 (E.D. Cal. Feb. 14, 2006).

4

For these same reasons, the Court is not persuaded that bifurcating and staying this case as to section 226.7 claims extending beyond a one-year statute of limitations is warranted. Doing so would have the same practical result as if the Court had granted UPS's motion for reconsideration – i.e., allowing the case to progress only as to section 226.7 claims within a one-year statute of limitations – and UPS has not persuaded the Court that any additional discovery burdens outweigh the delay that would result from a partial stay if the California Supreme Court determines that section 226.7 claims are not penalties governed by a one-year statute of limitations.

Accordingly, with good cause appearing for the reasons discussed above, UPS's motion is DENIED. However, to the extent that additional discovery is necessary, the parties shall separately track time spent on discovery or other work related solely to Plaintiffs' section 226.7 claims beyond the one-year statute of limitations period; doing so will allow the Court to make a more appropriate award of attorneys' fees should that issue subsequently come before the Court.

**IT IS SO ORDERED.**

Dated: 04/03/06

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

5